IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 21–3–M–DLC |
| Plaintiff, | |
| vs. | ORDER |
| DUSTIN LEE SHARBONO, | |
| Defendant. | |

Before the Court is Defendant Dustin Lee Sharbono's Motion for Early Termination of Supervision. (Doc. 3.) The United States defers to the discretion of the Court. (*Id.* at 1.) United States Probation Officer Evin Hansen does not object. (*Id.*) For the reasons below, the Court grants the Motion.

**Background**

On May 31, 2018, Sharbono was sentenced in the United States District Court for the Eastern District of Virginia for possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). (Doc. 1-3 at 1.) The court sentenced Sharbono to a custodial term of 40 months, followed by ten years of supervised release. (*Id.* at 2–3.) Sharbono began serving his term of supervised release on December 7, 2020. (Doc. 4 at 3.)

## Discussion

A court may "terminate a term of supervised release . . . at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). In determining whether to terminate a term of supervised release, courts consider the factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3564. These factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) deterrence; (3) protection of the public; (4) the need to provide the defendant with educational, vocational training, medical care or other rehabilitation; (5) the sentence and sentencing range established for the category of defendant; (6) any pertinent policy statement by the Sentencing Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need to provide restitution to any victims of the offense.

*United States v. Smith*, 219 F. App'x 666, 667 (9th Cir. 2007) (unpublished).

Sharbono has served approximately 5 years of supervision, so he is eligible for early release. Sharbono argues that the § 3553(a) factors support early release for several reasons. Prior to Sharbono's federal conviction, he had no criminal history. (Doc. 4 at 8.) Since release, Sharbono has been in full compliance with all conditions of release and has passed all his polygraph tests. (*Id.* at 1, 8.) Sharbono has worked consistently at Plant Land in the Flathead Valley for over three years as a pesticide dealer/applicator. (*Id.* at 9.) He has returned to school and is studying

to obtain an Associates Degree in Applied Science and Natural Resource Management and Conservation. (*Id.* at 10.) He lives with his wife and children in Kalispell. (*Id.* at 9.) In his free time, he volunteers placing flags on veteran graves. (*Id.*)

In addition, Sharbono completed sexual offender treatment, and graduated both primary care and aftercare. (*Id.* at 10.) Sharbono is considered tier I with a low risk to offend. (*Id.* at 11.)

For these reasons, the Court believes Defendant can live a productive and law-abiding life without the supervision of the Court. Thus, in weighing "the nature and circumstances of the offense" against the "characteristics" of Sharbono, along with the need to promote "deterrence" and "protect the public," the Court agrees with Sharbono that continued supervision is no longer necessary.

Accordingly, IT IS ORDERED that Sharbono's Motion (Doc. 3) is GRANTED. Dustin Lee Sharbono's term of supervised release is TERMINATED as of the date of this Order.

DATED this 15th day of December, 2025.

_____
Dana L. Christensen, District Judge
United States District Court

3